IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BRADFORD P. LAMBERT, III, | § | |
| | § | No. 318, 2014 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below – Superior Court |
| v. | § | of the State of Delaware |
| | § | in and for New Castle County |
| STATE OF DELAWARE, | § | Cr. ID. No. 1311011377 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 11, 2015
Decided: February 12, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

Upon appeal from the Superior Court. **AFFIRMED.**

Thomas A. Foley, Esquire, Wilmington, Delaware, Attorney for Defendant Below, Appellee.

Karen V. Sullivan, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for Plaintiff Below-Appellee.

**HOLLAND**, Justice:

The Defendant-Below/Appellant, Bradford P. Lambert, III ("Lambert") appeals from a final judgment of the Superior Court. Following a jury trial, Lambert was found guilty of Driving a Vehicle While Under the Influence of Alcohol ("DUI").[1] Lambert raises one claim in this direct appeal. Lambert contends that the trial court erred when it denied his motion to suppress blood alcohol concentration ("BAC") evidence because the Search Warrant Affidavit ("Affidavit") failed to set forth facts sufficient to show probable cause. We have concluded that Lambert's claim is without merit.

### Facts

In November 2013, Delaware State Police Corporal Suzanne Lowman ("Cpl. Lowman") was called to the scene of a traffic accident where a motorcycle had rear-ended an automobile. At the scene, Cpl. Lowman observed a Trailblazer with rear-end damage and a motorcycle laying on its side. The Trailblazer's driver informed Cpl. Lowman that Lambert, who at the time was being treated by paramedics, was the driver of the motorcycle.

While speaking with Lambert, Cpl. Lowman immediately detected a moderate odor of alcohol on Lambert's breath. Cpl. Lowman also observed that Lambert's eyes were bloodshot and watery. Lambert admitted that he ran into the rear end of the Trailblazer with his motorcycle.

---

[1] 21 Del. C. § 4177(a).

2

Due to the injuries Lambert sustained in the collision, he was only semi-conscious and unable to complete any field sobriety tests. Cpl. Lowman requested a search warrant from the Justice of Peace Court in order to have a blood sample drawn.[2] The blood draw revealed that Lambert's BAC was .19, more than twice the legal limit.[3] Because this was Lambert's fourth DUI offense, Lambert was charged with Felony Driving Under the Influence[4] as well as Inattentive Driving,[5] and Failure to Provide Proof of Insurance.[6]

### *Motion To Suppress*

In March 2014, Lambert filed a motion to suppress evidence of the blood draw results in the Superior Court. Lambert argued that the search warrant Affidavit submitted by Cpl. Lowman did not establish probable cause that Lambert was driving under the influence. At the suppression hearing, the trial court denied Lambert's motion. The court stated:

> [A] collision between a motorcycle and a vehicle from the rear operated by a man with glassy, bloodshot eyes, and a moderate odor of alcohol - - emanating at the time that [] the officer had interaction with him on the backboard is sufficient to establish probable cause . . . . The burden on the State to establish probable cause is not insubstantial, but it's not conviction level. It's not beyond a reasonable doubt or even preponderance. And I find that there's sufficient evidence in the warrant itself.

---

[2] Lambert also signed a consent form before Christiana Care drew his blood.
[3] 21 *Del. C.* § 4177 (a)(5).
[4] 21 *Del. C.* § 4177(d)(4).
[5] 21 *Del. C.* § 4176.
[6] 21 *Del. C.* § 2118(p).

3

Based on this ruling, the parties agreed to a trial by stipulation, in which Lambert admitted he was guilty of DUI and that he was subject to sentencing as a fourth offense pursuant to 21 *Del. C* §4177(d)(4). The State entered a *nolle prosequi* on the remaining charges. This appeal followed.

### *Probable Cause Determination*

Search warrants require a "showing of probable cause."[7] "An affidavit submitted in support of a search warrant application must set forth facts, that, within the affidavit's four corners, are sufficient for a neutral magistrate to conclude that . . . [probable cause exists]."[8] "[T]he magistrate must apply a 'totality of the circumstances' test to decide if 'there is a fair probability that . . . evidence of a crime will be found in a particular place.'"[9] "In so doing, the magistrate may draw reasonable inferences from the affidavit's factual allegations."[10] A magistrate need not find proof beyond a reasonable doubt or even that guilt is more likely than not to find probable cause.[11] Instead, "[t]o establish probable cause, the police are only required to present facts which suggest, when

---

[7] *Rivera v. State*, 7 A.3d 961, 966 (Del. 2010) (citing *Morgan v. State*, 962 A.2d 248, 252 (Del. 2008)).
[8] *Id.*
[9] *Id.* at 966-67 (quoting *Sisson v. State*, 903 A.2d 288, 296 (Del. 2006)).
[10] *Rivera*, 7 A.3d at 967.
[11] *See State v. Maxwell*, 624 A.2d 926, 928-30 (Del. 1993) (citing *Locke v. United States*, 3 L. Ed. 364 (1813)).

*those facts* are viewed under the totality of the circumstances, that there is a fair probability that the defendant has committed a crime."[12]

### *Affidavit*

In the Affidavit, Cpl. Lowman explains that she was dispatched to investigate an "injury accident" on Route 273.[13] When she arrived, she saw a Trailblazer with damage to its rear and a motorcycle lying on its side.[14] The driver of the Trailblazer identified Lambert as the driver of the motorcycle.[15] When she spoke to Lambert, she "immediately" smelled a moderate odor of alcoholic beverages coming from [Lambert's] breath."[16] At that time, Lambert was lying on a backboard and had blood around his nose and mouth.[17] Cpl. Lowman observed that Lambert had bloodshot, watery eyes.[18] In her Affidavit, Cpl. Lowman also noted that Lambert said, "[t]he car in front of me swerved and I hit this guy."[19]

The Superior Court concluded that "a collision between a motorcycle and a vehicle from the rear operated by a man with glassy, bloodshot eyes and a moderate odor of alcohol . . . is sufficient to establish probable cause to get a warrant." Lambert contends that the Affidavit did not support a finding of

---

[12] *Id.* at 930 (emphasis in original) (citing *Jarvis v. State*, 600 A.2d 38, 42-43 (Del. 1991)).
[13] Aff. ¶2.
[14] Aff. ¶ 3.
[15] Aff. ¶ 4.
[16] Aff. ¶ 5.
[17] Aff. ¶ 3 & 6.
[18] Aff. ¶ 5.
[19] Aff. ¶ 7.

probable cause because the Affidavit did not state that he was confused, combative, or disoriented. Lambert further argues that the Affidavit was insufficient since it omitted whether Lambert actually caused the accident.

### *Probable Cause Established*

In his appeal, as in the Superior Court, Lambert attempts to isolate and discount each fact in the Affidavit by hypothetically innocent explanations. However, this Court has found that "[t]he possibility that there may be a hypothetically innocent explanation for each of several facts revealed during the course of an investigation does not preclude a determination that probable cause exists . . . ."[20] The Superior Court properly rejected Lambert's attempt to provide an innocent explanation for the crash, as follows:

> The defendant's explanation, I believe, is one that may be relevant in a civil litigation matter, but I don't believe the State is required to accept that characterization of the collision, but rather can look at the independent objective facts, which are that this motorcycle ran into the back of a vehicle while the person operating it appeared to the officer to be under the influence with a moderate odor of alcohol and bloodshot, glassy eyes.

Lambert also argues that "the four corners of the Affidavit do not suggest that he was the motorist at fault for causing the accident" and that the magistrate "was not presented with any information that Mr. Lambert's driving reflected

---

[20] *Maxwell*, 624 A.2d at 930 (citing *Jarvis*, 600 A.2d at 41-42 (probable cause existed although several actions were subject to innocent explanations)).

impairment." The Affidavit states that there was damage to the rear of the Trailblazer and that Lambert admitted hitting the Trailblazer. The only reasonable inference from those facts is that Lambert's motorcycle struck the rear of the Trailblazer. Whether the Trailblazer or another car "swerved" does not change the fact that Lambert failed to avoid the collision. To conclude that there was probable cause to believe that Lambert was "under the influence," the magistrate need only have found probable cause that "because of alcohol or drugs or a combination of both, [Lambert was] less able than [he] would ordinarily have been, either mentally or physically, to exercise clear judgment, sufficient physical control, or due care in the driving of [his] vehicle."[21]

When viewed in the totality of the circumstances, the facts in the Affidavit and the reasonable inferences drawn therefrom provided the magistrate with sufficient information to support a finding that there was probable cause to believe Lambert had operated his motorcycle while under the influence of alcohol.[22] First, Lambert collided with the rear-end of the Trailblazer. Second, Lambert had watery, bloodshot eyes. Third, Cpl. Lowman detected the odor of alcohol on Lambert's breath. Accordingly, the Superior Court properly denied Lambert's motion to suppress.

---

[21] 21 *Del. C.* § 4177(a); 21 *Del. C.* § 4177(c)(11).
[22] *See Bease v. State*, 884 A.2d 495 (Del. 2005).

7

## *Conclusion*

The judgment of the Superior Court is affirmed.