IN THE SUPREME COURT OF THE STATE OF DELAWARE

EDWIN SCARBOROUGH, §
§ No. 38, 2014
Defendant Below- §
Appellant, §
§
v. § Court Below—Superior Court
§ of the State of Delaware,
STATE OF DELAWARE, § in and for Kent County
§ Cr. ID 1204019450
Plaintiff Below- §
Appellee. §

Submitted: June 7, 2015
Decided: July 30, 2015

Before **HOLLAND**, **VALIHURA**, and **SEITZ**, Justices.

**O R D E R**

This 30th day of July 2015, upon consideration of the appellant's brief filed under Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:

(1)     On January 6, 2014, after the Superior Court denied defense counsel's motion to suppress, the defendant-appellant, Edwin Scarborough, pled guilty to one count of Drug Dealing. The Superior Court immediately sentenced Scarborough, effective September 20, 2012, to a total period of fifteen years at Level V incarceration, with credit for eleven days served, to be suspended after serving three years in prison for eight months at Level IV

and eighteen months at Level III probation.  This is Scarborough's direct appeal.

(2)     Scarborough's counsel filed a brief and a motion to withdraw under Supreme Court Rule 26(c).  Counsel asserted that, based upon a complete and careful examination of the record, there are no arguably appealable issues.  By letter, counsel informed Scarborough of the provisions of Rule 26(c) and gave him a copy of the motion to withdraw and the accompanying brief and appendix.  Scarborough also was informed of his right to supplement counsel's presentation.  Scarborough has raised eight overlapping issues for inclusion in the Rule 26(c) brief.

(3)     After the State filed its response to the Rule 26(c) brief, the Court stayed further consideration of Scarborough's appeal pending the outcome of another case, *Brown v. State*, No. 178, 2014.  The Court issued its opinion in *Brown* on January 23, 2015.[1]  The parties were directed to file supplemental memoranda addressing the applicability of *Brown* to Scarborough's case.  After considering the parties' supplemental memoranda, the Court again directed the parties to file additional supplemental memoranda related to Scarborough's contention that, although

---

[1] *Brown v. State*, 108 A.3d 1201 (Del. 2015).

his guilty plea was valid, he had not waived his right to appeal the Superior Court's denial of his suppression motion.

(4)     The Superior Court record reflects that Scarborough was indicted in this case in July 2012 on charges of Drug Dealing, Endangering the Welfare of a Child, and Possession of Drug Paraphernalia.  Defense counsel filed eight pre-trial motions including a motion to suppress drug evidence.  A suppression hearing was held on September 4, 2013.  The Superior Court denied Scarborough's suppression motion, and trial was scheduled for January 6, 2014.

(5)     On the day of trial, at defense counsel's request, the Superior Court engaged in a colloquy with Scarborough about a plea offer made by the State to resolve Scarborough's current charges in Cr. ID 1204019450, as well as another set of criminal charges pending against him in Cr. ID 1208002007.  Scarborough told the Superior Court that he was interested in resolving both cases but that he did not want to accept the State's offer because he was not happy with the length of the State's recommended total sentence of eight years (even though he was facing the possibility of a life sentence because of his prior criminal record).  The judge informed Scarborough that he could resolve just his current case by a plea, rather than both cases together, or he could choose to go to trial on his current charges if

3

he believed that "the suppression decision is bad."[2]  The Superior Court recessed to allow Scarborough to consult with his counsel and to reconsider the State's plea offer in light of the judge's colloquy.

(6)    Upon returning from the recess, defense counsel informed the judge that he had discussed the State's plea offer with Scarborough, that Scarborough understood all the constitutional rights that he was waiving by pleading guilty, and that he knowingly and voluntarily decided to enter a guilty plea.  The judge then engaged in a second colloquy with Scarborough in open court.  Scarborough informed the judge that he understood the charges against him and that he was pleading guilty to Drug Dealing because he was, in fact, guilty of that offense.  Scarborough stated that he had reviewed the guilty plea agreement and that he understood its meaning.  Scarborough also told the judge that no one was forcing him to plead guilty, that he was not under the influence of any medications, that he had not been under the care of a psychologist in the last two years, and that he was satisfied with his counsel's representation.

(7)    Scarborough told the judge that he understood the consequences of what he was doing.  When asked if he had any questions, Scarborough's only question was whether the judge would allow him to be

[2] Opening Br. App. at A-209.

4

held at Level III while awaiting space in a Level IV facility. The Superior Court accepted Scarborough's plea and sentenced him in accordance with his plea agreement to fifteen years at Level V incarceration to be suspended after serving three years in prison for decreasing levels of supervision. This appeal followed.

(8) The standard and scope of review applicable to the consideration of defense counsel's motion to withdraw and an accompanying brief under Rule 26(c) is twofold: a) the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could arguably support the appeal; and b) the Court must conduct its own review of the record in order to determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[3]

(9) In response to his counsel's motion to withdraw, Scarborough enumerated eight overlapping issues for the Court's consideration: (i) the Superior Court erred in denying his motion to suppress; (ii) the arresting officers violated the "knock and announce" rule; (iii) his arrest was pretextual; (iv) his counsel was ineffective for failing to file an interlocutory appeal from the denial of the suppression motion; (v) his counsel was

---

[3] *Penson v Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

ineffective for failing to interview a defense witness, who turned out to be hostile, before the suppression hearing; (vi) his counsel was ineffective because he failed to argue that his arrest was pretextual; (vii) he never waived his right to appeal the suppression ruling because he did not check "yes" or "no" to the question on his guilty plea agreement indicating that he understood he was waiving all of his trial and appeal rights by pleading guilty; and (viii) the State did not prove the authenticity of the drug lab report and that, in light of the recent scandal at the Office of the Chief Medical Examiner, there is a "reasonable chance" that the drug evidence in his case had been tampered with.

(10) With the exception of his ineffective assistance of counsel claims, which we decline to consider for the first time in this direct appeal,[4] the disposition of Scarborough's remaining claims hinges on the Court's determination of whether Scarborough entered his guilty plea knowingly, intelligently, and voluntarily.[5] It is well-settled that a knowing and voluntary guilty plea waives a defendant's right to challenge any errors

---

[4] *Sahin v. State*, 7 A.3d 450, 451 (Del. 2010).

[5] *Lewis v. State*, 2010 WL 2163910, at *1 (Del. May 11, 2010).

occurring before the entry of the plea, "even those of constitutional dimensions."[6]

(11) In the points he filed to be included in his counsel's Rule 26(c) brief, Scarborough states, "[t]he defendant is not challenging the validity of the plea because he voluntarily signed it, however he did not knowingly and voluntarily waive his rights to appeal and challenge the suppression issues."[7] Scarborough points to two alleged errors in the record to support his contention that he did not waive his right to appeal. First, he points out that he did not check either "Yes" or "No" to the question on the guilty plea agreement asking:

"Do you understand that because you are pleading guilty you will not have a trial, and you therefore waive (give up) your constitutional rights: (1) to have a lawyer represent you at trial; (2) to be presumed innocent until the State can prove each and every part of the charge(s) against you beyond a reasonable doubt; (3) to a speedy and public trial by jury; (4) to hear and question the witnesses against you; (5) to present evidence in your defense; (6) to testify or not testify yourself; and (7) to appeal, if convicted, to the Delaware Supreme Court with assistance of a lawyer?"

Second, Scarborough asserts that when the judge asked him if he understood the rights he was giving up, the judge did not wait for Scarborough to reply.[8]

---

[6] *Wilson v. State*, 2010 WL 572114, at *2 (Del. Feb. 18, 2010) (*quoting Smith v. State*, 2004 WL 120530, at *1 (Del. Jan. 15, 2004)).

[7] Defendant's Points at 32.

[8] The transcript of the guilty plea hearing reflects the following exchange:

(12)   We find no merit to this argument.  Scarborough acknowledges in this appeal that he is *not* challenging the validity of his guilty plea. Moreover, it is clear from the entire context of the proceedings below that the Superior Court informed Scarborough—and Scarborough understood— that, if he thought the Superior Court had erred in ruling on his suppression motion, then Scarborough's only option was to go to trial and then appeal.

| | |
|---|---|
| THE COURT: | In my left hand I also have the Truth in Sentencing Guilty Plea Form.  Did you review the questions and provide the information shown? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Did you understand the Constitutional Rights and civil liberties you would be giving up by entering this plea? |
| | Now, the other two misdemeanors – he's not pleading to those, right? |
| [COUNSEL]: | That's correct, Your Honor. |
| | Are those on the form? |
| THE COURT: | Yes.  That's okay; I can mark them off. |
| | And you face from zero to 15 years? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | I will just put my initials right here. |
| | Is that your signature? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Do you have any questions for the Court regarding either document or any other aspect in this matter? |
| THE DEFENDANT: | Yes, one question. |
| THE COURT: | What's that? |
| THE DEFENDANT: | The Level 4 time – I mean, I know it's – you know, it's not the norm, as Ms. Williams told me; but is there any way I can be held at Level 3 before I go to Level 4?  I know it might now happen, but I just had to ask. |

Appellant's Opening Brief app. at A218-19.

8

In his points, Scarborough also acknowledges his understanding that, if he had wished to retain his right to appeal the suppression ruling, he could have negotiated an agreement with the State to hold a stipulated trial.[9]

(13) Scarborough did not have a stipulated trial, however. Instead, the record reflects that he knowingly, intelligently, and voluntarily pled guilty with a full understanding of the rights he was waiving, including his right to appeal the suppression ruling. His failure to check either the "yes" or "no" box to the question asking whether he understood the trial rights he was waiving was merely an oversight that did not affect Scarborough's substantial rights.[10]

(14) Under the circumstances of this case, we find that Scarborough's knowing, intelligent, and voluntary guilty plea waived his right to challenge the suppression ruling and the authenticity of the testing of the drug evidence.[11] We have reviewed the record carefully and conclude that Scarborough's appeal is wholly without merit and devoid of any

---

[9] Defendant's Points at 7. *See, e.g., Lambert v. State*, 110 A.3d 1253, 1255 (Del. 2015) (the parties agreed to a trial by stipulation, which allowed the defendant to retain his right to appeal the Superior Court's suppression ruling).

[10] *Abdul-Akbar v. State*, 1999 WL 507292 (Del. June 1, 1999) (citing Superior Court Criminal Rule 11(h) and holding that the defendant's failure to execute a guilty plea waiver of rights form did not affect his substantial rights and render his guilty plea invalid).

[11] *Brown v. State*, 108 A.3d 1201, 1202 (Del. 2015) (holding that the defendant's valid guilty plea waived any right to challenge the strength of the State's evidence, including the chain of custody of the drug evidence).

arguably appealable issue.  We also are satisfied that Scarborough's counsel has made a conscientious effort to examine the record and has properly determined that Scarborough could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/Karen L. Valihura
Justice