# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE     )
                                 )
                                 )
v.                   )     I.D. No.: 1804003703
                                 )
                                 )
VINCENT R. LAW,     )
                                 )
Defendant.     )

## ORDER

Submitted:  October 16, 2018
Decided:  October 24, 2018

*Upon Consideration of Defendant's Motion for Reargument,*
**DENIED.**

William L. Raisis, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware. *Attorney for the State.*

Joe Hurley, Esquire, Wilmington, Delaware. *Attorney for the Defendant.*

**MEDINILLA, J.**

**AND NOW TO WIT**, this 24th day of October, 2018, upon consideration of the Defendant's Motion for Reargument and the record in this case, it appears to the Court that:

1. After the Court issued its Opinion and denied suppression in favor of the State, Defendant filed a timely Motion for Reargument on October 15, 2018. The State filed a response on October 16, 2018.

2. The facts underlying Defendant's Motion for Reargument have been described by this Court in its October 11, 2018 Order denying Defendant's Motion to Suppress.[1]

3. Defendant argues that this Court applied the incorrect legal standard when it denied Defendant's Motion to Suppress and failed to conduct a *de novo* review,[2] and misapprehended facts in the ruling. Specifically, Defendant argues that the Court relied solely on Officer Diaz's undergraduate degree in criminal justice in support of the ruling.[3] Defendant also perseverates on the nature and causation of the accident as a relevant factor in the probable cause analysis.[4] Defendant further argues the Court was incorrect to include the characterization of "a strong odor of

---

[1] *See generally State v. Law*, 2018 WL 4941735 (Del. Super. Oct. 11, 2018).

[2] Def.'s Mot. for Reargument ¶ 1 [hereinafter Def.'s Mot.].

[3] *Id.* ¶ 2.

[4] *Id.* ¶¶ 3-4.

2

alcohol" as a factor in the probable cause analysis.[5] Defendant argues no reasonable inference can be drawn from the facts regarding the timeframe of when Defendant was alleged to have been drinking.[6] Lastly, Defendant seeks the photographs of Defendant's vehicle be considered to justify a different conclusion.[7] In sum, Defendant asks the Court to conduct a *de novo* review and reconsider the Court's ruling.

### *Standard of Review*

4.    Pursuant to Delaware Superior Court Criminal Rule 57(d), "[i]n all cases not provided for by rule or administrative order, the court shall regulate its practice in accordance with the applicable Superior Court civil rule...."[8] "Superior Court Civil Rule 59[ ] is made applicable to criminal cases by Superior Court Criminal Rule 57(d)."[9] This means "a motion for reargument in a criminal case is governed by Superior Court Rule of Civil Procedure 59(e)."[10]

5.    Civil Rule 59(e) allows the Court to reconsider "its findings of fact,

---

[5] Def.'s Mot. ¶ 5.

[6] *Id.* ¶¶ 6-7.

[7] *Id.* ¶ 8.

[8] DEL. SUPER. CT. CRIM. R. 57(d).

[9] *Guardarrama v. State*, 911 A.2d 802, 2006 WL 2950494, at *3 (Del. Oct. 17, 2006) (TABLE).

[10] *State v. Brinkley*, 132 A.3d 839, 842 (Del. Super. 2016).

3

conclusions of law, or judgment. . . ."[11] "Delaware law places a heavy burden on a [party] seeking relief pursuant to Rule 59."[12] In order to prevail on a motion for reargument, the movant must demonstrate that "the Court has overlooked a controlling precedent or legal principle, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[13] Additionally, "[a] motion for reargument is not a device for raising new arguments,"[14] nor is it "intended to rehash the arguments already decided by the court."[15] Tactics like these frustrate the "efficient use of judicial resources" and the orderly process of reaching finality on the issues.[16] The burden is on the moving party to demonstrate "newly discovered evidence, a change of law, or manifest injustice."[17]

---

[11] *Hessler Inc. v. Farrell*, 260 A.2d 701, 702 (Del. 1969). *See* DEL. SUPER. CT. CIV. R. 59(e).

[12] *Kostyshyn v. Comm'rs of Bellefonte*, 2007 WL 1241875, at *1 (Del. Super. Apr. 27, 2007) (citations omitted).

[13] *Bd. of Managers of Del. Criminal Justice Info. Sys. v. Gannett Co.*, 2003 WL 1579170, at *1 (Del. Super. Jan. 17, 2003), *aff'd in part*, 840 A.2d 1232 (Del. 2003) (citations omitted).

[14] *Id.* (citation omitted).

[15] *Kennedy v. Invacare Corp.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006).

[16] *See Plummer v. Sherman*, 2004 WL 63414, at *2 (Del. Super. Jan. 14, 2004).

[17] *E.I. du Pont de Nemours & Co. v. Admiral Ins. Co.*, 711 A.2d 45, 55 (Del. Super. 1995) (citations omitted); *see, e.g., Brinkley*, 132 A.3d at 842.

4

### *Discussion*

6.     Defendant takes issue with Court's application of a standard that gives "great deference" to the magistrate and did not apply a *de novo* review.[18]  In support, Defendant relies on *Stafford v. State*,[19] *Flowers v. State*,[20] and *State v. Iyer*[21] to suggest that the Court should have conducted a *de novo* review.[22]  The cases submitted are inapplicable as they were considered in the context of an appellate review of the denial or granting of a motion to suppress from a lower court.[23]  The standard of review on appeal is different than in the present case.[24]

7.     Here, this Court was not asked to conduct an appellate review but to consider a four-corner analysis on a motion to suppress.  Following *Holden,* and as stated in this Court's original Order, the magistrate's determination is reviewed with great deference and a *de novo* review is not applied.[25]  Thus, the Court determined

---

[18] Def.'s Mot. ¶ 1.

[19] 59 A.3d 1223 (Del. 2012).

[20] 2018 WL 4659227 (Del. Sept. 27, 2018).

[21] 2011 WL 976480 (Del. Super. Feb. 23, 2011).

[22] In Defendant's Amended Motion to Suppress, Defendant argues that the Court cannot find there was a substantial basis that justifies the magistrate's issuance of a search warrant.  Def.'s Am. Mot. to Suppress ¶ 4(g).

[23] *See Stafford*, 59 A.3d at 1227; *Flowers*, 2018 WL 4659227, at *2; *Iyer*, 2011 WL 976480, at *6.

[24] *See, e.g., Stafford*, 59 A.3d at 1227.

[25] *State v. Holden*, 60 A.3d 1110, 1114 (Del. 2013) (quoting *Illinois v. Gates*, 462 U.S. 213, 238-

5

that the magistrate had a substantial basis for finding that probable cause existed. Defendant fails to demonstrate that this Court misapprehended the law.

8. As to the facts, any mention in the Court's Order regarding the officer's undergraduate degree was merely to highlight Defendant's underlying argument about the affidavit's deficiencies regarding the officer's skill and experience. The facts contained in the affidavit included that the officer was a graduate of the Delaware State Police Academy and was currently assigned as an officer to Troop 2. The Court did not misapprehend the facts as this information was provided in the Search Warrant Affidavit.

9. Next, Defendant reargues why *Lambert v. State*[26] is distinguishable. Defendant re-styles the same argument regarding causation and why it should be considered in the probable cause analysis. The same argument was previously made and rejected, and it is not appropriate under this Rule 59(e) analysis.

10. Next, the Court already addressed the odor of alcohol within its original Order. The Court did not misapprehend the facts related to the odor of alcohol as the Affidavit provided that Officer Diaz observed a strong odor of alcohol. The Court is not giving "credence" to a proposition that there is a "greater likelihood of

---

39 (1983)).

[26] 110 A.3d 1253 (Del. 2015).

impairment based upon the strength of the odor of alcohol."[27] Merely, the strong odor of alcohol was one factor that the magistrate had to consider in its analysis as it was included within the four-corners of the affidavit. Defendant compares the present case to *State v. Murray*[28] by drawing upon the factual similarities, but one difference is that in *Murray* the affidavit did not mention any odor of alcohol.[29] This case is different and the *Murray* decision does not change this analysis or ruling.

11.     Finally, Defendant raises again that the language of the affidavit should be considered against photographs of Defendant's car taken after the accident. The Court addressed this argument in its original Order and will not consider it under Rule 59(e).

### *Conclusion*

Defendant fails to prove that the Court overlooked controlling precedent or legal principles in its original Order denying Defendant's Motion to Suppress. This Court finds that there was no misapprehension of law regarding the standard of review to be applied to a magistrate's determination of probable cause based on the four-corners of the affidavit. Defendant restyles arguments that were previously presented and fails to meet his heavy burden of demonstrating "newly discovered

---

[27] Def.'s Mot. ¶ 5.

[28] 2017 WL 5668030 (Del. Com. Pl. Nov. 20, 2017).

[29] *Id.* at *5.

evidence, a change of law, or manifest injustice."[30]  Even if it had, the Court did not

misapprehend the law or facts in such a way that would change the outcome of the

underlying decision.  Defendant's Motion for Reargument is, therefore, **DENIED**.

**IT IS SO ORDERED.**

Vivian L. Medinilla
Judge

oc:  Prothonotary
cc:  William L. Raisis, Esquire
     Joeseph Hurley, Esquire
     Defendant
     Office of Investigative Services

---

[30] *E.I. du Pont de Nemours*, 711 A.2d at 55.