# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,           :
                                   :         ID No. 1810002230

v.                             :         In and For Kent County
                                   :

NICOLAI TUGULTSCHINOW,   :
                                   :

Defendant.                 :

## ORDER

Submitted:  March 7, 2019
Decided:  March 11, 2019

### *Upon Defendant's Motion to Suppress - DENIED*

On this 11th day of March 2019, having considered Defendant Nicolai Tugultschinow's (hereinafter "Defendant's") motion to suppress, it appears that:

1. Defendant is charged with fourth offense driving a vehicle while under the influence of alcohol and/or drugs, failure to have insurance identification in his possession, and careless driving.  These charges followed his single-car accident near Cheswold on October 4, 2018.

2. Defendant moves to suppress toxicology results of a blood test taken while he was in Kent General hospital after the accident.  In his motion, he attacks the search warrant authorizing the seizure of his blood.  Specifically, he alleges that the affidavit of probable cause does not recite facts sufficient to establish probable cause that he drove under the influence at the time of the accident.

3. The affidavit of probable cause recites the following relevant facts in support of the warrant: (1) the Defendant had glassy eyes at the hospital upon first contact with the officer; (2) the Defendant told the officer at the hospital that "he believed he was intoxicated and should not be driving;" (3) the Defendant smelled strongly

of alcohol; (4) the Defendant admitted he drank two beers; and (5) the Defendant refused to consent to a portable breath test while in the hospital.

4. The State must secure a warrant to justify a blood draw absent consent or exigent circumstances.[1] An affidavit submitted in support of a search warrant application must set forth facts within its four corners that are sufficient for a neutral magistrate to conclude that probable cause existed based upon the totality of the circumstances.[2] In evaluating the sufficiency of a warrant, this Court is required to give "great deference" to a magistrate's determination of probable cause and the review should not "take the form of a *de novo* review."[3] The Court, however, must determine whether the magistrate's decision "reflects a proper analysis of the totality of the circumstances."[4]

5. Furthermore, a review of an affidavit of probable cause is subject to "much less rigorous standards than those governing the admissibility of evidence at trial…"[5] The Delaware Supreme Court has "eschewed a 'hyper technical' approach to reviewing a search warrant affidavit."[6] Unlike in a challenge of a warrantless seizure, in a motion to suppress that challenges a search warrant's legality, the defendant bears the burden of proving that the challenged search or seizure was unlawful.[7]

---

[1] *Flonnory v. State*, 109 A.3d 1060, 1065 (Del. 2015).
[2] *Lambert v. State*, 110 A.3d 1253, 1255 (Del. 2015).
[3] *State v. Holden*, 60 A.3d 1110, 1114 (Del. 2013).
[4] *Id.* (citation omitted).
[5] *Id.* at 1115.
[6] *Id.*
[7] *State v. Hackendorn*, 2016 WL 266360, at * 2 (Del. Super. Jan. 13, 2016) (citing *State v. Sisson*, 883 A.2d 868, 875 (Del. Super. Mar. 11, 2005)). This approach is particularly appropriate given the U.S. Supreme Court's concern regarding lowering the deference due for warrants signed by neutral magistrates because non-lawyer police officers draft them. *Holden*, 60 A.3d at 1114-1115 (citing *Illinois v Gates*, 462 U.S. 213, 236 (1983)). In contrast, in a suppression *hearing*, where the State has the burden of proof, the State is represented by counsel who is better able to address foundational and evidentiary technicalities.

6.   Here, under the totality of the circumstances, the magistrate's probable cause finding was justified by the facts recited in the affidavit.  In fact, the incriminating facts recited in the probable cause affidavit significantly exceed those recited in an affidavit reviewed by the Delaware Supreme Court in *Lambert v. State.*[8]  There, in the same context as the case at hand, the Supreme Court found a search warrant affidavit to be sufficient because it recited that there was an accident, the defendant exhibited a moderate odor of alcohol, and the defendant had blood shot and watery eyes.[9]  In the case at hand, those same facts are present.  In addition, according to the officer, this Defendant admitted to the officer that he was intoxicated, admitted he drank beer, and refused to submit to a portable breath test.  Under the totality of the circumstances, these facts adequately support the magistrate's finding that probable cause existed to believe Defendant was under the influence of alcohol.  As a consequence, the State lawfully seized and tested his blood.

WHEREFORE, Defendant Nicolai Tugultschinow's motion to suppress is appropriately **DENIED**.

/s/Jeffrey J Clark
Judge

---

[8] *Lambert,* 110 A.3d at 1254.
[9] *Id.* at 1256-57.